# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### TAMPA Division

## CIVIL RIGHTS COMPLAINT FORM

MICHAEL LINDSEY GAMBUZZA,
CHRISTOPHER SCOTT DRESCHER

CASE NUMBER:_____
(To be supplied by Clerk's Office)

(Enter **full name** of each **Plaintiff** and prison
number, if applicable)

v.

LT. PARMENTER, CAPTAIN ACKLES, MAJOR
JAMEY HIGGENBOTHAM, SHERIFF B. STEUBE,
T. McGUIRE, L. BROOKS, C. BEJARANO,
individually AND in their official capacity.

(Enter **full name** of each **Defendant**. If
additional space is required, use the blank
area directly to the right).

_____/

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.  PLACE OF PRESENT CONFINEMENT: MANAtee County Jail
    (Indicate the name and location)

    14470 Harlee rd., PAlmetto, Fl. 34221

II. DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
    THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes ( ) No (X)

    [If your answer is YES, after reviewing the exhaustion requirements, answer the following
    questions]

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes (X) No (  )

If your answer is YES, answer the following questions.

A.  Is there a grievance procedure at your institution or jail?  Yes (X) No (  )

B.  Did you present the facts relating to your Complaint in the grievance procedure?  Yes (X) No (  )

C.  If your answer is YES:

1.  What steps did you take? Filed numerous grievances, requests, And, wrote letters to the Sheriff (Steube) AN Corrections Chief (Higsenbothm)

2.  What were the results? Absolutely nothing done at all. Legal Mail still being opened, Newspaper censored, & Mail policy in place.

3.  To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.  If your answer is NO, explain why not: _____ N/A _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 15th day of Aug. , 2 009 .

_Michael L. Howk_
Signature of Plaintiff

_Christoph S. Lunden_

IV.   **PREVIOUS LAWSUITS**:

A.   Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

B.   Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (X) No ( )

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): Michael Lindsey Gambrzee, Christopher S. Drescher And All Others Similarly Situated.

Defendant(s): Lt Parmenter, Ceptain Ackles, Sheriff Brad Steube, And Major Janey Higgenbothan

2.   Court (if federal court, name the district; if state court, name the county): Middle District of Florida, Tampa Division

3.   Docket Number: 8:09-CV-1229-T-17 TBM

4.   Name of judge: Judge E. Kovachevich

5.   Briefly describe the facts and basis of the lawsuit: New incoming Mail Policy - Postcards Only - primarily 1st Amendment Violations.

6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?): Dismissed without Piejudice. (Imprisoned inmate cannot bring a class action on behalf of other inmates).

7.   Approximate filing date: July 8, 2009

8.   Approximate disposition date: 7-31-09

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

N/A

V.   PARTIES: In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff:   Michael Lindsey GAmbuzza

Mailing address:   14470  Harlee rd. , Palmetto, Fl. 34221

B.   Additional Plaintiffs: Christopher  Scott  Drescher
14470 Harlee rd. , Palmetto, Fl. 34221

In part C of this section, indicate the <b>full name</b> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed.  For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant:   Lt. Parmenter

Mailing Address:   Manatee County Jail, 14470 Harlee rd.,
Palmetto, Fl. 34221

Position:   Lt. (over Mail Room)

Employed at:   Manatee County Jail

D.   Defendant:   Captain Ackles

Mailing Address:   M. C. Jail,  14470 Harlee rd.,
Palmetto, Fl. 34221

Position:   Captain (over Lt. Parmenter)

Employed at:   Manatee County Jail

E. Defendant: Major Jamey Higgenbotham

Mailing Address: M.C. Jail, 14470 Harlee rd.,
Palmetto, Fl. 34221

Position: Corrections Bureau Chief

Employed at: Manatee County Jail

F. Defendant: Sheriff Brad. Steube

Mailing Address: Manatee County Sheriff's Office, 600 U.S.
Hwy. 301 Blvd. W. #202, Bradenton, Fl. 34205

Position: Sheriff

Employed at: Manatee County

G. Defendant: T. McGuire

Mailing Address: M.C. Jail, 14470 Harlee rd.
Palmetto, Fl. 34221

Position: Mail Room Clerk

Employed at: Manatee County Jail

H. Defendant: L. Brooks

Mailing Address: M.C. Jail, 14470 Harlee rd.
Palmetto, FL. 34221

Position: Mailroom Clerk

Employed At: Manatee County Jail

I. Defendant: C. Bejarano

Mailing Address: M.C. Jail, 14470 Harlee rd.
Palmetto, Fl. 34221

Position: Mailroom clerk

Employed at: Manatee County Jail

VI.   **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

At All relevant times herein, defendants were "persons" for purposes of 42 U.S.C. section 1983 And acted under color of state law to deprive plaintiffs of their constitutional rights, as set forth more fully below. At All relevant times herein, Plaintiffs were pre-trial detainees. (See "Claims" next page)

VII.   **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s)).

1.   From February 2007 to September 2007, Plaintiff Michael L. Gambuzza was a pretrial detainee at the Manatee County Jail. In Approximately July of 2007, Gambuzza wrote a letter to his Attorney Rodney Gerling, in a clearly marked "Legal Mail" envelope, about witnesses and his upcoming trial. This letter had to go thru the mail room to reach the Mail box/postal service. At Gambuzza's next court date, Gerling told him, in front of other inmates in the Courtroom holding cell, that "I don't know how, but the State Attorney has a copy of the letter you just sent me,

Statement of Claims, continued:

(1) Defendants Lt. Parmenter, T. McGuire And L. Brooks who opened copied And sent said copy to the State Attorney, of Plaintiff Michael Gambuzza's letter to his Attorney, as described in Sect. VII. St. of Facts, para(1), exhibited deliberate indifference to, and ... ... Violated plaintiff Gambuzza's rights under the 1st Amendment of the U.S. Constitution.

(2) ... Violated plaintiff Gambuzza's rights And constituted an illegal Search And Seizure under the 4th Amendment of the U.S. Constitution.

(3) ... Violated plaintiff Gambuzza's rights to Attorney-client priv-elege under the 6th Amendment of the U.S. Constitution.

(4) ... Violated plaintiff Gambuzza's rights to due process under the 14th Amendment of the U.S. Constitution.

(5) Defendants, T. McGuire, L. Brooks, And C. Bejarano, who frequently open And interfere with plaintiff Gambuzza's legal mail, 1 thru 34, And plaintiff Dreschers legal mail 1 thru 6, As described in Sect. VII St. of Facts, paras (2)(3) & (8), exhibited deliberate indifference to, And ... ... Violated plaintiffs rights under the 1st Amendment of the U.S. Constitution.

(6) ... Violated plaintiffs rights to Attorney-Client privelege under the 6th Amendment of the U.S. Constitution.

(7) ... Violated plaintiffs due process rights under the 14th Amendment of the U.S. Constitution.

Statement of Claims, continued:

(8). Defendants, Lt. Parmenter, Captain Ackles, Major Jamey Higgenbotham, And Sheriff Brad Steube, whose negligence And/or inadequate supervision or training of Mailroom clerks, And, who failed to remedy a wrong after learning of a violation; the frequent opening of and interfering with plaintiffs legal Mail, as described in Sect. VII, St. of Facts, paras. (2)(3)(7) And (8), exhibited deliberate indifference to, and... ... violated plaintiffs rights under the 1st Amendment of the U.S. Constitution.

(9) ... violated plaintiffs Attorney-Client privelege rights under the 6th Amendment of the U.S. Constitution.

(10)... violated plaintiffs' due process rights under the 14th Amendment of the U.S. Constitution.

(11). Defendants, Lt. Parmenter, Captain Ackles, Major Jamey Higgenbotham And Sheriff Brad Steube, who created or allowed the new mail policy to be implemented and continued, And who failed to remedy a wrong after learning of a violation as described in Sect. VII St. of Facts, paras. (4)(5)(7) And (8), exhibited deliberate indifference to And... ...violated plaintiffs' rights to communicate in a complete And Meaningful way, to be free from censorship, And to express themselves fully under the 1st Amendment of the U.S. Const.

(12)... violated plaintiffs' rights And constituted Cruel And Unusual punishment under the 8th Amendment of the U.S. Const.
    or 14th

Statement of claims continued:

(13)... violated plaintiffs' due process rights under the 14th Amendment of the U.S. Constitution.

(14) Defendants Lt. Parmenter and Captain Ackles, who allowed the custom or policy of censoring the newspaper to continue, and who failed to remedy a wrong after learning of a violation, as described in Sect. VII, St. of facts. para. (6), exhibited deliberate indifference to and violated plaintiffs rights to be free from censorship under the 1st Amendment of the U.S. Constitution.

**Statement of Facts, continued:**

And is going to make a big deal out of some of (Gamburza's) Statements in the letter." Because this priveleged legal letter had to go thru the Jail's Mail Room where Defendants T. McGuire And L. Brooks were clerks And which Defendant Lt. Parmeter is in charge, one of these defendants had to be the person who intercepted the letter, opened and copied it, then sent the copy to the St. Attorney, or ordered this done. Due to this Copy, Gerling recommended that Plaintiff Gamburza take a reduced plea instead of going to trial as planned, And Gamburza had to do 11 months 29 days in Jail.

2.    Plaintiffs Michael Gamburza And Christopher Drescher are currently pretrial Detainees at the Manatee County Jail. Since being incercerated on May 4, 2008, Both of the plaintiffs have experienced having their legal mail opened by defendants T. McGuire, L. Brooks And C. Bejarano, who are Mail room clerks, while outside of their presence. Jail Policy is:" Priveleged Mail includes mail to And from Attorney's, the Courts, And Public officials. Priveleged mail maybe be opened, but only by the Deputy in the presence of the inmate. In Such circumstances, Mail will be scanned for Contraband or security concerns, but shall Not be read by the Deputy." Please refer to "Plaintiff Gamburza's List of opened/interfered with Legal Mail" And "Plaintiff Chris Drescher's List of Opened Legal Mail" which are both

**Statement of Facts, continued:**

enclosed. As can be seen by the lists, there have been Many
Numerous incidents of legal mail being opened outside of the
inmates presence. And both plaintiffs have seen Many other
inmates recieve their Mail already opened.

3.      Several letters of Plaintiff GAmburzze's (refer to list; #17,
#18, #19, And #27)    were not only opened, but had been
stamped with "contrary" sayings And words written on them,
indicating the contents had been read. Due to the large
volume of opened legal mail and the stamps And remarks on
the above letters, And his experience with the letter to his
Attorney in paragraph(1), And, seeing several other inmates
"Legal" mail, especially Mail sent to Attorneys, but then
"returned to sender", it is plaintiff GAmburzze's belief that
Defendants T. McGuire, L. Brooks, And C. Bejarano (Mailroom
clerks) Are being directed to open legal mail of plaintiffs and
other inmates in order to obtain information of ongoing
criminal And civil cases, by Defendant Lt Parmenter and/or
someone else higher up like Internal Affairs or State Att-
orney's Office.

4.      On May 5th, 2009, Defendant Lt. Parmenter distributed a flier
(enclosed) throughout the Jail about a new "INCOMING MAil Policy",
and implemented this policy on June 1, 2009, which Allows the
Plaintiffs And other inmates to recieve "Post-cards Only" from

**Statement of Facts, continued:**

their family and friends. This policy has deprived plaintiffs of; meaningful and complete correspondance with family, friends and other free citizens of the community, of recieving photographs of family and children, nor does it allow their children (some of whom cannot write yet ) to color pictures for them. Also, plaintiffs are no longer allowed to decorate "outgoing envelopes" for their loved ones, or write and draw on them to express their love and affection for the recipients of these letters.

5. In addition the new mail policy does not allow for the plaintiffs to recieve personal info, Medical info on them or family members, financial info, juvenile info, or legal/priveleged information, in a private or secure way. Plaintiffs can no longer recieve news articles, internet printouts, or Magazine articles that affect their criminal and/or civil cases or their health, etc.. They can no longer recieve stamped envelopes in the mail, and as Both plaintiffs are indigent and the commissary only provides "postcards" to indigent inmates, plaintiffs have no way to get envelopes, which in some cases interferes with and/or denies them the ability to communicate not only with family and friends, but, with private investigators on their criminal cases (privately!), Newspapers and publications, and other organizations both legal

**Statement of Facts, continued:**

And other that provide aid to inmates. ( Commissary provides Free envelopes to indigent inmates for "Legal Mail", which is "Attorney's and Court Only").

6.   Also, while at the Manatee County Jail since May 4, 2008, plaintiffs have both had the daily newspaper distributed in the jail for inmates, censored of sections of it almost daily. Deputies or Mailroom clerks remove ads, special inserts like "Health & Fitness", "Weekender", classifieds, supplements and assorted other inserts. As there is no T.V. or radio in the Jail, this newspaper is the only way for plaintiffs to keep current and be informed of events in the community and the world. This censorship helps to keep plaintiffs and other inmates isolated and ignorant of community happenings, prices of goods in the community versus our very high commissary prices, and other information these censored sections would have provided. Despite many complaints and grievances, nobody knows who is removing these sections of the paper. In response to grievances, Defendants Lt. Parmenter and Captain Ackles ignored the newspaper questions or merely confirm that "certain parts are removed" but not why. (See grievance, enclosed) Neither Defendant did anything about the censorship and it still continues.

Statement of Facts, continued:

7. Plaintiffs Michael Gambuzza and Christopher Drescher have sent numerous requests and filed many grievances about legal mail being opened outside of their presence, and the new mail policy to Defendant Lt. Parmenter who is in charge of the Mailroom, it's clerks, and it's policies. She downplays the open mail incidents and claims no violation of rights on the mail policy, and Defendant Captain Ackles, who oversee's Lt. Parmenter, merely concurs with whatever Lt. Parmenter says. Neither have done a thing to stop these violations. In a final effort to halt the mail policy, and to alert them to violations of rights at the Jail, Plaintiff Gambuzza has written two letters (5-21-09 and 7-29-09, enclosed) to Defendants Major Jeney Higgenbotham, (Corrections Bureau Chief over the Jail) and Manatee Sheriff Brad Steube. Neither of these defendants has responded or done anything about the above violations and these violations continue to this day.

8. Plaintiff Gambuzza ordered an unpublished chapter on Pre-trial detainees Rights from Columbia Law University, and on 7-17-09 it arrived by U.S. Mail to the Mail room, where it was sent back to sender, under the "Postcards only" policy. It does not fit within the guidelines of the "Postcard only" from friends and

**Statement of Facts, continued:**

family. And should not have been returned to sender. It was sent back because of the contents and the fact that Plaintiff Gamburze is trying to change conditions and policies at Manatee County Jail that violate inmates rights. Defendant Captain Ackles did nothing about this violation, merely concurred with the false reasons given for the mail being sent back. (see grievance 7/18/09, enclosed).

**VIII.** <u>RELIEF REQUESTED:</u> State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

(1). A declaration that the acts And/or omissions described herein violated Plaintiffs' rights under the United States Constitution.

(2) A preliminary And permanent injunction ordering DefenDants Lt. Parmenter, Captain Ackles, Major J. Higgenbotham And Sheriff Brad Steube to stop the opening of And interfering with, plaintiffs' legal mail And to enforce the policy
(continued to /And includes pages 10A And 10B)

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this __15ᵗʰ__ day of __August__ , 2 __009__ .

Christopher Scott Druschl

(Signatures of all Plaintiffs)

Relief Requested, **continued:**

of the Sheriffs Office that "inmate Must be present when legal mail opened And checked for contraband".

(3) A preliminary and permanent injunction ordering Defendants, Lt. Parmenter, Captain Ackles, Major Jamey Higgenbotham And Sheriff Brad Steube to stop the new incoming Mail policy of "Postcards Only", And to allow "homemade Stationery" ie, drawing on outgoing mail, And if injunction granted, post notices in each Dorm throughout the Jail that the postcards only "policy is stopped.

(4) A preliminary and permanent injunction ordering the Defendants And any other Manatee County Sheriffs office Employee, to stop censoring and removing Anything out of the Newspapers distributed to inmates throughout the jail.

(5) Compensatory damages against Defendants Lt. Parmenter, T. McGuire And L. Brooks for claims (1-4), with compensation for the 11 months 29 days jail sentence to Plaintiff Gambuzza. (Jointly And Severally)

(6) Compensatory damages against each defendant jointly And Severally for each piece of legal mail opened And interfered with, to each Plaintiff according to their mail that was opened, claims (5-10).

(7) Compensatory damages against defendants Lt. Parmenter, Captain Ackles, Major Higgenbotham And Brad Steube, jointly And severally

Relief requested, continued:

(7) cont. for Claims (11)(12)(13). (Mail policy)

(8) Punitive Damages against each defendant, to each Plaintiff.

(9) A jury trial on all issues triable by jury.

(10) Plaintiffs' costs in this suit.

(11) Any Additional relief this Court deems just, proper, and equitable.