UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL LINDSEY GAMBUZZA,
CHRISTOPHER SCOTT DRESCHER,
BARBARA SCHNURR, and
DEBORAH SORENSEN,
on behalf of themselves and all others
similarly situated,

      Plaintiffs,

v.                                     Case No. 8:09-cv-01891-EAK-TBM

LIEUTENANT DIANE PARMENTER,
CAPTAIN ANTHONY ACKLES,
MAJOR JAMES HIGGINBOTHAM,
and SHERIFF BRAD STEUBE,
in their official capacities,

      Defendants.
_____/

## FIRST AMENDED COMPLAINT

### Introduction

1.     Plaintiffs, Michael Lindsey Gambuzza, Christopher Scott Drescher, Barbara Schnurr, and

Deborah Sorensen, on behalf of themselves and all others similarly situated, bring this class

action pursuant to 42 U.S.C. Section 1983 and Federal Rule of Civil Procedure 23(b)(2).

Plaintiffs Gambuzza and Drescher are inmates at the Manatee County Jail and they seek to

represent a class of Manatee County Jail Inmates, defined below as the "Inmate Class." Plaintiffs

Schnurr and Sorensen are family members of inmates at the Manatee County Jail and seek to

represent a class of family members and friends of Manatee County Jail inmates, defined below

as the "Family Members and Friends Class."

2.      The Plaintiffs, on behalf of themselves, the Family Members and Friends Class, and the Inmate Class, seek to enjoin the Defendant officials of the Manatee County Sheriff's Office ("MCSO") and Manatee County Jail from enforcing, in violation of the First and Fourteenth Amendments to the United States Constitution, a "post-card only" mail policy under which inmates at the Manatee County Jail are permitted to receive incoming mail only in the form of postcards of the size of 3.5 inches by 4.25 inches to 4.25 inches by 6 inches, on which text must be typed or written in black or blue ink (the "Postcard-Only Mail Policy").

3.      The Plaintiffs, on behalf of themselves, the Family Members and Friends Class, and the Inmate Class, also seek a declaratory judgment that the Postcard-Only Mail Policy is unconstitutional, on its face and as applied, because it infringes on the First Amendment rights of both those who wish to communicate with inmates in the Manatee County Jail and the inmates who receive those communications.

## Jurisdiction and Venue

4.      Jurisdiction of this Court is invoked under 28 U.S.C. Section 1331 (federal question) as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. Section 1343(a)(3) (civil rights), as this action seeks to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiffs by the First and Fourteenth Amendments to the United States Constitution and the laws of the United States.

5.      The Plaintiffs' claims for relief are predicated on 42 U.S.C. Section 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and

2

immunities secured to the Plaintiffs by the First and Fourteenth Amendments to the United States Constitution and the laws of the United States.

6.      The Plaintiffs' demands for declaratory relief and injunctive relief are authorized by 28 U.S.C. Sections 2201 and 2202 and Federal Rule of Civil Procedure 57 and 65.

7.      The Plaintiffs' claim for attorneys' fees and costs is brought pursuant to 42 U.S.C. Section 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. Section 1983.

8.      Venue properly lies in this division of the Middle District of Florida pursuant to Middle District of Florida Local Rule 1.02 and 28 U.S.C. Section 1391.  A substantial portion of the events or omissions giving rise to the Plaintiffs' claims occurred in this division of the Middle District of Florida.

**Parties**

9.      Plaintiff Michael Lindsey Gambuzza is a pre-trial detainee who has been held in the Manatee County Jail since May 4, 2008.

10.     Plaintiff Christopher Scott Drescher is a pre-trial detainee who has been held in the Manatee County Jail since May 4, 2008.

11.     Plaintiff Barbara Schnurr is the sister of an inmate at the Manatee County Jail, Michael Johnson.  Plaintiff Schnurr's brother is a pre-trial detainee who has been held in the Manatee County Jail since August 12, 2009.

12.     Plaintiff Deborah Sorensen is the mother of Plaintiff Christopher Scott Drescher, an inmate at the Manatee County Jail.  Plaintiff Christopher Scott Drescher is a pre-trial detainee who has been held in the Manatee County Jail since May 4, 2008.

13.     Defendant Sheriff Brad Steube is now, and at all material times has been, the Manatee County Sheriff.  As Manatee County Sheriff, he is charged with the care and custody of inmates at the Manatee County Jail.  Plaintiff Gambuzza wrote a letter, dated May 21, 2009, to Defendant Steube complaining about the Postcard-Only Mail Policy.  Defendant Steube did not respond to this letter or take any action to end the Postcard-Only Mail Policy.  Defendant Steube is sued in his official capacity for injunctive and declaratory relief, attorneys fees, and costs.

14.     Defendant Major James Higginbotham is now, and at all material times has been, the Corrections Services Bureau Chief of the Manatee County Sheriff's Office.  As Corrections Services Bureau Chief, he is charged with the responsibility for the operation and management of the Manatee County Jail.  Plaintiff Gambuzza wrote a letter, dated May 21, 2009, to Defendant Higginbotham complaining about the Postcard-Only Mail Policy.  Defendant Higginbotham did not respond to this letter or take any action to end the Postcard-Only Mail Policy.  Defendant Higginbotham is sued in his official capacity for injunctive and declaratory relief, attorneys fees, and costs.

15.     Captain Anthony Ackles is now, and at all material times has been, the Operations Division Commander at the Manatee County Jail.  As Operations Division Commander, he has supervisory responsibility over the mail room at the Manatee County Jail.  Captain Ackles has affirmed the denial of grievances Plaintiffs Gambuzza and Drescher have filed regarding the

4

Postcard-Only Mail Policy.  Defendant Ackles is sued in his official capacity for injunctive and declaratory relief, attorneys fees, and costs.

16.     Lieutenant Diane Parmenter is now, and at all material times has been, responsible for the operation and management of the mail room at the Manatee County Jail.  Lieutenant Parmenter has denied grievances Plaintiffs Gambuzza and Drescher have filed regarding the Postcard-Only Mail Policy.  Defendant Parmenter is sued in her official capacity for injunctive and declaratory relief, attorneys fees, and costs.

17.     The actions of all Defendants as alleged herein were taken under color of state law.

### Factual Allegations

### Facts Relating to the Manatee County Jail Generally

18.     The Manatee County Jail is located in Palmetto, Florida.

19.     Contact visits are not available to inmates at the Manatee County Jail.

20.     The only visitation available to members of the public whose family members or friends are being held at the Manatee County Jail is via a videoconference system maintained at an off-site Visitation Center.

21.     Family members and friends wishing to visit an inmate are required to make an appointment at least one day in advance.

22.     Family members and friends are limited to three 40-minute visits via videoconference at the Visitation Center per week.

23.     Inmates are not permitted to receive incoming calls and MCSO employees are not permitted to deliver messages to inmates.

24.     The only method by which any person may have telephone contact with an inmate at the Manatee County Jail is by a call placed by the inmate either as a collect call or via a calling card purchased by the inmate.

25.     Many indigent inmates are unable to afford the cost of purchasing calling cards for use in contacting their family members and friends.

26.     Inmates are not able to make collect calls to certain types of telephones and telephone numbers that are not equipped to accept collect calls, including some cell phone numbers, business phone numbers, commercial phone numbers, and numbers that are serviced by Local Exchange Carriers that do not bill for collect calls

27.     Additionally, the cost of collect phone calls from the Manatee County Jail makes it prohibitively expensive for the families and friends of many inmates to maintain contact with the inmates by telephone.

28.     As a result, many family members and friends are unable to receive calls from inmates at the Manatee County Jail.

29.     Accordingly, mail is the most feasible and practicable method of communication for many Manatee County Jail inmates and their family members and friends.

## Facts Relating to the Postcard-Only Mail Policy

30.     Effective June 1, 2009, the Defendants instituted the Postcard-Only Mail Policy, under which non-privileged incoming mail is limited to postcards that are at least 3.5 inches by 4.25 inches but no larger than 4.25 inches by 6 inches, on which text must be typed or written in black or blue ink.

31.     Under the Postcard-Only Mail Policy, the family members, friends, or loved ones of inmates at the Manatee County Jail are permitted to send the inmate mail only on postcards.

32.     The Postcard-Only Mail Policy provides that the following types of correspondence are prohibited and will be returned to the sender:

-       Defaced or altered postcards.

-       Plastic or wrappings on postcards.

-       Postcards marked with paint, magic markers, or crayons.

-       Postcards with stickers or labels (including address labels).

-       Postcards with watermarks or stained in any manner.

-       Postcards with any biohazards, including lipsticks and perfumes.

-       Postcards depicting nudity, weapons, or gang references.

-       Oversized post cards.

33.     Mail that does not conform to these requirements is returned to the sender, or if it does not contain a return address, is sent back to the Post Office as non-deliverable, where it is destroyed.

34.     The Postcard-Only Mail Policy prohibits, for instance, the mailing to an inmate of a drawing made by a child relative (some of whom cannot write yet), a copy of the child's report card or test scores, or a photograph of the child.

35.     For example, Plaintiff Schnurr has a daughter who is a toddler and a son who is eleven. She would like to send her brother pictures of her children and to allow her son to send his uncle drawings, but the Postcard-Only Mail Policy prohibits correspondence of this nature.  Plaintiff

7

Gambuzza complained in a grievance dated May 14, 2009, prior to the implementation of the Postcard-Only Mail Policy, that the proposed policy would mean inmates "cannot have young children color pictures for us."  Similarly, Plaintiff Sorensen is unable to send her son pictures of family members which would remind him of all of the people who still support him.  A non-Plaintiff inmate complained in a grievance dated May 16, 2009, that the Postcard-Only Mail Policy will deny his seventy-two-year-old mother "the right to send me family photos," and would prevent his brother from sending him pictures of his nieces.

36.     The Postcard-Only Mail Policy additionally prevents, for example, a family member, spouse, or friend of an inmate at the Manatee County Jail from sending the inmate family photographs; newspaper or magazine clippings regarding the inmate's case, family events, or news that would be of interest to the inmate; religious pamphlets; or material printed from the internet regarding topics of interest to the inmate.

37.     For example, Plaintiff Schnurr reports that her mother wishes to send her son, Plaintiff Schnurr's brother, religious pamphlets, but the Postcard-Only Mail Policy does not allow family members to send religious materials of this nature to an inmate of the Manatee County Jail.

38.     The Postcard-Only Mail Policy also limits the ability of family members and friends of inmates at the Manatee County Jail to fully express the messages they wish to convey by drastically limiting the amount of space available on which to place a message, which for many friends and family members is the only available method to communicate with the inmate.

39.     For example, Plaintiff Sorensen resides out of state and is unable to visit.  She is unable to accept telephone calls from her son, Plaintiff Drescher, because she only has a cell phone

number.  A non-Plaintiff inmate complained in a grievance dated May 11, 2009, that "mail is the

only way I can correspond with my family" because "they live out of state" and preventing him

from receiving letters "will only keep us from talking and them letting me know what is going

on with them" because "you can only write so much on a postcard."  The same inmate explained

in a grievance dated June 24, 2009, that "some famil[ies] don't have phones" and "can't visit."

Another non-Plaintiff inmate stated in a grievance dated June 11, 2009, that "I don't get money

on the phone or in my account for phone calls.  This is the only way for me to find out if my

family is OK.  My grandparents are from another state and very sick.  I cannot go without

knowing if they are all right.  Please let us get our letters.  This matter is very important to me."

The same inmate requested in a grievance dated June 17, 2009, that the Postcard-Only Mail

Policy be rescinded because "most of us can't get call[s] because collect calls get to be to[o]

much for [our] famil[ies] to pay."  Still another inmate stated in a grievance dated May 11, 2009,

"We have family that we need to correspond to.  Some people don't get money on the phone. . . .

My letters are important to me it brings my spirits up.  We cannot get a good letter on a 4.25 in

card."  That inmate stated in a grievance dated June 11, 2009, "Many people don't get visits or

phone calls.  Some people's only way to communicate with our famil[ies] are through letters.

We can not possibly get enough info[rmation] on the status of our family or friends on a small

postcard."

40.      The Postcard-Only Mail Policy further prevents family members or friends from sending

confidential information to inmates with even a minimal amount of privacy, such as medical

information regarding the inmate or a family member, financial information, information regarding a minor child, or information or material regarding their cases.

41.     For example, members of Plaintiff Schnurr's family who live out of state had to communicate to Plaintiff Schnurr's brother while he was in the Manatee County Jail the news that his stepfather had passed away.  They did not wish to convey such personal and emotional information via postcard, the only available means to communicate such information under the Postcard-Only Mail Policy.  Similarly, Plaintiff Gambuzza complained in a grievance dated May 13, 2009, "[W]hat about when our family must convey to us confidential information about medical issues or info[rmation] about our juvenile children?  You cannot expect that type of stuff to be announced to the world on a postcard!"  Similarly, a non-Plaintiff inmate complained in a grievance dated June 24, 2009, "Due to the fact my family has to use postcards that anyone can read publicly, my family is denied the chance to share private family issues.  Some families don't have phones [and] can't visit."  Another non-Plaintiff inmate complained in a grievance dated July 15, 2009, that the Postcard-Only Mail Policy makes it difficult for "families to have any kind of personal r[apport]."  A different non-Plaintiff inmate complained in a grievance dated September 10, 2009, that the Postcard-Only Mail Policy subjected his incoming correspondence "to the scrutiny of the content by Sheriff's employees, postal employees, and others."

42.     The Postcard-Only Mail Policy prohibits friends and family members from sending inmates stamped envelopes.  As the only writing materials provided to indigent inmates, such as Plaintiffs Gambuzza and Drescher, are postcards, the preclusion of mailing stamped envelopes to inmates effectively makes the Postcard-Only Mail Policy applicable as well to outgoing mail

10

sent by indigent inmates.  In addition, indigent inmates are not provided writing paper even for privileged correspondence with their attorneys, and they must write such correspondence on postcards, which are then placed in envelopes to be mailed to the attorneys.

43.     The Postcard-Only Mail Policy additionally infringes upon the limited degree of privacy inmates have in incoming correspondence.  Based on information and belief, incoming inmate mail is read and openly discussed by prison officials and guards prior to delivery to inmates, and inmates report being the target of comments and jokes from guards regarding the contents of correspondence received via postcard.  The non-confidential review and discussion of inmate mail violates inmate privacy rights at the point prison security interests are satisfied.  Prison security interests do not require non-confidential review of the contents of inmates' correspondence.  A system that allows flagrant violation of inmate privacy rights exhibits deliberate indifference to those rights.

44.     Defendants, by enacting the Postcard-Only Mail Policy, have caused substantial harm to the Plaintiffs.  The Postcard-Only Mail Policy infringes on the rights of friends and family members of inmates to communicate in a complete and meaningful way with the inmates and to express themselves fully, and additionally infringes on the rights of the inmates to receive such communications.

45.     The Postcard-Only Mail Policy substantially chills the Friends and Family Members' ability to communicate with the inmates and violates their rights under the First Amendment.

46.     There is not a valid, rational connection between the Postcard-Only Mail Policy and any legitimate governmental interest put forward in an attempt to justify it.

47.      There are no adequate alternative means for Plaintiffs to exercise their rights to send and receive correspondence as a result of the Postcard-Only Mail Policy.

48.      Defendants' accommodation of Friends and Family Members' right to send and Inmates' right to receive correspondence other than by postcard will not overly burden correctional officers, other inmates, or the allocation of prison resources generally.

49.      There are many ready alternatives to the Postcard-Only Mail Policy, as is illustrated by the fact that up until June 1, 2009, inmates were permitted to receive ordinary mail, with no requirement that the mail be on a postcard and no restriction regarding ink color.

### Class Representation Allegations

50.      This action is brought as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2).

51.      The proposed Family Members and Friends Class consists of all persons who are the family members and/or friends of individuals who are or have been incarcerated at the Manatee County Jail since June 1, 2009.

52.      The proposed Inmate class consists of all persons who are or have been incarcerated at the Manatee County Jail since June 1, 2009.

*Numerosity*

53.      The members of the class are so numerous that it would be impractical and uneconomical to require joinder of each class member.  The average daily population of inmates at the Manatee County Jail is over 1000 inmates.  More than 19,000 inmates are admitted to the Manatee County Jail annually.

12

*Commonality*

54.     The claims of Plaintiffs Schnurr and Sorensen, proposed Class Representatives of the Family Members and Friends Class, raise questions of law and fact which are common to the members of the Family Members and Friends Class. The common questions raised include:

a.      Whether the Postcard-Only Mail Policy at the Manatee County Jail violates the First Amendment rights of friends and family members who wish to communicate with Manatee County Jail inmates?

b.      Whether there is a valid, rational connection between the Postcard-Only Mail Policy and a legitimate government interest?

c.      Whether alternative means of exercising their First Amendment rights to communicate with Manatee County Jail inmates remain available to the friends and family members of those inmates?

d.      What impact accommodating the First Amendment rights of friends and family members who wish to communicate with Manatee County Jail inmates will have on guards, inmates, and the allocation of jail resources?

e.      Whether ready alternatives are available that accommodate the First Amendment rights of family members and friends who wish to communicate with Manatee County Jail inmates?

f.      Whether correspondence between family members and friends and Manatee County Jail inmates provides rehabilitative benefits, bolsters inmate morale, and promotes adjustment in the institution and the community?

13

55.     The claims of Plaintiffs Gambuzza and Drescher, proposed Class Representatives of the Inmate Class, raise questions of law and fact which are common to those of the Inmate Class. The common questions raised include:

a.     Whether the Postcard-Only Mail Policy at the Manatee County Jail violates the First Amendment rights of Manatee County Jail inmates?

b.     Whether there is a valid, rational connection between the Postcard-Only Mail Policy and a legitimate government interest?

c.     Whether alternative means of exercising their First Amendment rights to receive communications from their family members and friends remain available to Manatee County Jail inmates?

d.     What impact accommodating the First Amendment rights of Manatee County Jail inmates to receive communications from their family members and friends will have on guards, inmates, and the allocation of jail resources?

e.     Whether ready alternatives are available that accommodate the First Amendment rights of Manatee County Jail inmates?

f.     Whether correspondence between family members and friends and Manatee County Jail inmates provides rehabilitative benefits, bolsters inmate morale, and promotes adjustment in the institution and the community?

*Typicality*

56.     The claims of Plaintiffs Schnurr and Sorensen, proposed Class Representatives of the Family Members and Friends Class, are typical of the claims of the Family Members and Friends Class in at least the following respects:

      a.      The claims of Plaintiffs Schnurr and Sorensen raise questions of law and fact common to those of the Family Members and Friends Class, as more fully described in the preceding subsection.

      b.      The harm to Plaintiffs Schnurr and Sorensen are similar in kind to the harm suffered by other members of the Family Members and Friends Class.

      c.      The claims of Plaintiffs Schnurr and Sorensen arise from the same course of conduct by Defendants as the claims of the Family Members and Friends Class.

      d.      The relief sought by Plaintiffs Schnurr and Sorensen is the same as the relief sought on behalf of the Family Members and Friends Class.

57.     The claims of Plaintiffs Gambuzza and Drescher, proposed Class Representatives of the Inmate Class, are typical of the claims of the Inmate Class in at least the following respects:

      a.      The claims of Plaintiffs Gambuzza and Drescher raise questions of law and fact common to those of the Inmate Class, as more fully described in the preceding subsection.

      b.      The harm to Plaintiffs Gambuzza and Drescher is similar in kind and amount to the harm suffered by other members of the Inmate Class.

15

c.      The claims of Plaintiffs Gambuzza and Drescher arise from the same course of conduct by Defendants as the claims of the Inmate Class.

d.      The relief sought by Plaintiffs Gambuzza and Drescher is the same as the relief sought on behalf of the Inmate Class.

*Adequacy of Class Representation*

58.     Plaintiffs Schnurr and Sorensen, proposed Class Representatives of the Family Members and Friends Class, adequately represent the interests of the members of the Family Members and Friends Class because:

a.      The interests of Plaintiffs Schnurr and Sorensen are aligned with those of the class members and they have no interests adverse to or in conflict with the members of the Family Members and Friends Class;

b.      Plaintiffs Schnurr and Sorensen understand the duties and responsibilities of serving as class representative and take seriously their duties as class representatives.

c.      The claims of Plaintiffs Schnurr and Sorensen claims are typical of the claims of the Family Members and Friends Class and the issues raised by their claims are in common with those of the class, and for all of the foregoing reasons they more than adequately represent the Family Members and Friends Class.

59.     Plaintiffs Gambuzza and Drescher, proposed Class Representatives of the Inmate Class, adequately represent the interests of the members of the class because:

a.   The interests of Plaintiffs Gambuzza and Drescher are aligned with those of the class members and neither Plaintiff Gambuzza nor Plaintiff Drescher has any interests adverse to or in conflict with the members of the Inmate Class;

b.   Plaintiffs Gambuzza and Drescher understand the duties and responsibilities of serving as class representative and take seriously their duties as class representatives.

c.   The claims of Plaintiffs Gambuzza and Drescher are typical of the claims of the Inmate Class and the issues raised by their claims are in common with those of the Inmate Class, and for all of the foregoing reasons Plaintiffs Gambuzza and Drescher more than adequately represent the class.

60.   James E. Felman, Katherine Earle Yanes, and Kynes, Markman & Felman, P.A., attorneys for Plaintiffs Gambuzza, Drescher, Schnurr, and Sorensen; the Family Members and Friends Class; and the Inmate Class, adequately represent these Classes; James E. Felman, Katherine Earle Yanes, and Kynes, Markman & Felman, P.A. have successfully litigated numerous complex class action cases in state and federal court, as well as actions pursuant to 42 U.S.C. Section 1983.

*Predominance of Common Questions*

61.   The common questions of law and fact set forth in Paragraphs 52 and 53 predominate over any individual issues.

17

62.     Defendants have subjected and continue to subject all class members to the same Postcard-Only Mail Policy and the Postcard-Only Mail Policy is applied and has been applied to all class members.

*Superiority of Class Resolution Over Piecemeal Individual Claims*

63.     Class action litigation is the only economically viable way to provide legal representation for the claims of the thousands of class members who would find it financially infeasible to individually prosecute their claims. Only by class certification can their rights be protected, making class representation the superior method of adjudicating the claims raised in this action.

64.     Defendants have acted on grounds generally applicable to all of the members of each of the Family Members and Friends Class and the Inmate Class, thereby making final injunctive relief or declaratory relief concerning the class as a whole appropriate.

## Count I

### Claim for Violation of Constitutional Rights
### against all Defendants
### on behalf of the Family Members and Friends Class
### (Postcard-Only Mail Policy)

65.     Plaintiffs Schnurr and Sorensen hereby incorporate by reference all allegations contained in Paragraphs 1 through 62 of this Amended Complaint as if fully set forth herein.

66.     Plaintiffs Schnurr and Sorensen and the members of the Family Members and Friends Class have been and continue to be denied their rights to freedom of speech guaranteed under the First and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C.

18

Section 1983 by Defendants' implementation, acting jointly and in concert, of the Postcard-Only Mail Policy.

67.     Defendants knew or should have known that their implementation of the Postcard-Only Mail Policy denied and deprived Plaintiffs Schnurr and Sorensen and the members of the Family Members and Friends Class of their rights to freedom of speech guaranteed under the First and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

68.     Plaintiffs Schnurr and Sorensen and the members of the Family Members and Friends Class suffered, and continue to suffer, irreparable harm as a direct and proximate result of the denial of their rights to freedom of speech guaranteed under the First and Fourteenth Amendments to the United States Constitution.

## Count II

**Claim for Violation of Constitutional Rights**
**against all Defendants**
**on behalf of the Inmate Class**
**(Postcard-Only Mail Policy)**

69.     Plaintiffs Gambuzza and Drescher hereby incorporate by reference all allegations contained in Paragraphs 1 through 62 of this Amended Complaint as if fully set forth herein.

70.     Plaintiffs Gambuzza and Drescher and the members of the Inmate Class have been and continue to be denied their rights to freedom of speech guaranteed under the First and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983 by Defendants' implementation, acting jointly and in concert, of the Postcard-Only Mail Policy.

71.     Defendants knew or should have known that their implementation of the Postcard-Only Mail Policy denied and deprived Plaintiffs Gambuzza and Drescher and the members of the Inmate Class of their rights to freedom of speech guaranteed under the First and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

72.     Plaintiffs Gambuzza and Drescher and the members of the Inmate Class suffered, and continue to suffer, irreparable harm as a direct and proximate result of the denial of their rights to freedom of speech guaranteed under the First and Fourteenth Amendments to the United States Constitution.

### Request for Relief

WHEREFORE Plaintiffs respectfully request that the Court grant the following relief:

(A)     declare that the Defendants' policies, practices, omissions, and acts as described in this Amended Complaint, and specifically the implementation of the Postcard-Only Mail Policy, violate the rights of Plaintiffs Schnurr and Sorensen and the members of the Family Members and Friends Class under the First and Fourteenth Amendments to the United States Constitution;

(B)     declare that the Defendants' policies, practices, omissions and acts as described in this Amended Complaint, and specifically the implementation of the Postcard-Only Mail Policy, violate the rights of Plaintiffs Gambuzza and Drescher and the members of the Inmate Class under the First and Fourteenth Amendments to the United States Constitution;

20

(C)    declare that the Postcard-Only Mail Policy is unconstitutional on its face and as applied under the First and Fourteenth Amendments to the United States Constitution;

(E)    enter an Order:

(1) enjoining Defendants and their successors in office; their servants, agents, and employees; and those acting in concert with them, from further violation of Plaintiffs' First Amendment and Fourteenth Amendment rights and specifically, from enforcing the Postcard-Only Mail Policy; and

(2) ordering Defendants to provide notice to members of the Family Members and Friends Class and the Inmate Class regarding the termination of the Postcard-Only Mail Policy;

(F)    award Plaintiffs their costs and attorneys' fees arising out of this litigation, pursuant to 42 U.S.C. Section 1988, and any other applicable law, and

(G)    grant Plaintiffs such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

/s/ Katherine Earle Yanes
James E. Felman, FB#775568
jfelman@kmf-law.com
Katherine Earle Yanes, FB#159727
kyanes@kmf-law.com
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, Florida 33601-3396
Telephone:     (813) 229-1118
Facsimile:     (813) 221-6750

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18, 2010, I electronically filed the foregoing with the Clerk of the Court.

I further certify that a copy of the foregoing Amended Complaint, along with a Notice of Lawsuit and Request for Waiver of Service, has been furnished by U.S. Mail on February 18, 2010, to:

Lieutenant Diane Parmenter
Captain Anthony Ackles
Major James Higginbotham
And Sheriff Brad Steube
c/o Michelle Hall
General Counsel
Manatee County Sheriff's Office
600 Highway 301 Boulevard West
Bradenton, FL 34205

/s/ Katherine Earle Yanes
Katherine Earle Yanes

22