UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL LINDSEY GAMBUZZA,
CHRISTOPHER SCOTT DRESCHER,
BARBARA SCHNURR, and
DEBORAH SORENSEN,
on behalf of themselves and all others
similarly situated,

    Plaintiffs,

v.                                                          Case No. 8:09-cv-01891-EAK-TBM

LIEUTENANT DIANE PARMENTER,
CAPTAIN ANTHONY ACKLES,
MAJOR JAMES HIGGINBOTHAM,
and SHERIFF BRAD STEUBE,
in their official capacities,

    Defendants.
_____/

## MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Defendants Lieutenant Diane Parmenter, Captain Anthony Ackles, and Major James Higgenbotham have moved to be dismissed from this lawsuit on the ground that it is redundant to name them in their official capacities, asserting that Sheriff Brad Steube is the only necessary Defendant in this matter. Doc. 18. As explained in the Memorandum below, Defendants' motion should be denied because these Defendants are responsible for the implementation and enforcement of the policy Plaintiffs seek to enjoin.

**MEMORANDUM**

**I.     Background**

The Amended Complaint (Doc. 10) seeks declaratory and injunctive relief regarding the Postcard-Only Mail Policy at the Manatee County Jail, under which inmates at the Manatee County Jail are permitted to receive incoming mail only in the form of postcards of the size 3.5 inches by 4.25 inches to 4.25 inches by 6 inches, on which text must be typed or written in blue or black ink. Doc. 10 ¶ 2-3. Plaintiffs assert that the Postcard-Only Mail Policy infringes on the First Amendment rights of both those who wish to communicate with inmates at the Manatee County Jail and the inmates who receive those communications. Doc. 10.

The Amended Complaint names four Defendants, each solely in their official capacities:

- *Sheriff Brad Steube, the Manatee County Sheriff.* Doc. 10 ¶ 13. The Amended Complaint alleges that as Manatee County Sheriff, Defendant Steube is charged with the care and custody of inmates at the Manatee County Jail. *Id.* The Amended Complaint further alleges that Defendant Steube has failed to respond to Plaintiff Gambuzza's correspondence complaining about the Postcard-Only Mail Policy or to take any steps to end the Postcard-Only Mail Policy. *Id.*

- *Defendant Major James Higginbotham, the Corrections Services Bureau Chief of the Manatee County Sheriff's Office.* Doc. 10 ¶ 14. The Amended Complaint alleges that as Corrections Services Bureau Chief, Defendant Higginbotham is charged with responsibility for the operation and management of the Manatee County Jail. *Id.* The Amended Complaint alleges that Defendant Higginbotham

2

- has also failed to respond to Plaintiff Gambuzza's complaints about the Postcard-Only Mail Policy or to take any steps to end the Postcard-Only Mail Policy. *Id.*

- *Captain Anthony Ackles, the Operations Division Commander at the Manatee County Jail*. Doc. 10 ¶ 15. The Amended Complaint alleges that as Operations Division Commander, Defendant Ackles has supervisory responsibility over the mail room at the Manatee County Jail. *Id.* The Amended Complaint further alleges that Captain Ackles has affirmed the denial of grievances Plaintiffs Gambuzza and Drescher have filed regarding the Postcard-Only Mail Policy.

- *Lieutenant Diane Parmenter who is responsible for the operation and management of the mail room at the Manatee County Jail*. Doc. 10 ¶ 16. The Amended Complaint alleges Defendant Parmenter has denied grievances Plaintiffs Gambuzza and Drescher have filed regarding the Postcard-Only Mail Policy. *Id.*

**II.     The motion to dismiss should be denied because Defendants Parmenter, Ackles, and Higgenbotham are alleged to be responsible for the implementation and enforcement of the challenged policy.**

Defendants' motion to dismiss should be denied because Plaintiffs have alleged that Defendants Parmenter, Ackles, and Higgenbotham are involved in the enforcement and implementation of the policy that Plaintiffs seek to have declared unconstitutional and enjoined. "Section 1983 affords an entitlement to relief where official action deprives an individual of his or her First Amendment rights." *Stilp v. Contino*, 629 F. Supp. 2d 449, 458 (M.D. Penn. 2009). To obtain injunctive relief under Section 1983, a plaintiff should sue the "officials charged with

3

enforcement of the contested measure." *Id.* As the officials with responsibility for the operation of the Manatee County Jail, supervisory authority over the mailroom at the Manatee County Jail, and responsibility for the operations and management of the mailroom at the Manatee County Jail, respectively, Defendants Higgenbotham, Ackles, and Parmenter, *see* Doc. 10 ¶¶ 14-16, are charged with carrying out the Postcard-Only Mail Policy. They are therefore appropriately named as Defendants in this action.

Defendants Parmenter, Ackles, and Higgenbotham argue that they are redundant in this case because the real party in interest here is the entity that employees them, the Sheriff's Office. Doc. 18 at 2. Citing *Busby v. City of Orlando*, 931 F.2d 764 (11th Cir. 1991), Defendants Parmenter, Ackles, and Higgenbotham contend that they should therefore be dismissed from this lawsuit. Doc. 18 at 2. *Busby* affirmed the dismissal of two municipal officers in their official capacity, where the city was also a defendant, stating that under those circumstances keeping "both the City and the officers sued in their official capacity as defendants . . . would have been redundant and possibly confusing to the jury." 931 F.2d at 776.

In this case, however, Plaintiffs appropriately named Defendants Parmenter, Ackles, and Higgenbotham as Defendants and their dismissal is not appropriate. While courts have the authority to dismiss official-capacity defendants where their presence is unnecessary in the lawsuit and would be redundant, in a number of cases courts have approved the naming of official-capacity defendants where injunctive relief is sought and the defendants are involved in

4

implementing or overseeing the activity the plaintiff seeks to enjoin.[1] *Ingraham*, for instance, involved a lawsuit seeking declaratory and injunctive relief regarding a policy adopted by the Dade County schools. 498 F.2d at 252. The court approved the naming of the Superintendent of Schools in his official capacity, stating that "[t]he right to bring a 1983 action against a state and local official is well established." *Id.* It further instructed that on remand the district court should grant plaintiffs leave "to add the individual members of the Dade County School Board as parties defendant" because "fairness and efficient judicial administration justify the addition of the individual school board members as parties insofar as the plaintiffs seek declaratory and equitable relief restraining the School Board from authorizing or implementing" the challenged policy. *Id.* Likewise in this case, fairness and efficiency judicial administration make it appropriate to have the officials responsible for implementing and enforcing the Postcard-Only Mail Policy a part of this lawsuit. Further, unlike in the case Defendants cite, there is no reason that naming Defendants Parmenter, Ackles, and Higgenbotham would be either confusing or redundant. There is not such a large number of defendants, or such an overlap on their areas of responsibility, that the presence of these defendants will create confusion. Regardless of whether those officials are named as defendants, they will almost certainly be necessary witnesses in this action and will be required to be deposed and respond to discovery. Moreover, the relief Plaintiffs seek, if granted, will have to be carried out by these Defendants.

---

[1] See, e.g., *Ingraham v. Wright*, 498 F.2d 248, 252 (5th Cir. 1974); *Chester v. Beard*, 657 F. Supp. 2d 534 (M.D. Penn. 2009); *Pugh v. Goord*, 571 F. Supp. 2d 477 (S.D.N.Y. 2008).

Courts have reached similar conclusions in recent cases in which injunctive relief is sought to preclude the implementation or enforcement of a challenged policy at a correctional institution. In *Pugh*, the plaintiffs asserted that a religious policy affecting Muslim prisoners violated their constitutional rights. 571 F. Supp. 2d at 484. They named, in their official capacities, a number of employees of the New York State Department of Correctional Services, who moved for their dismissal from the lawsuit. *Id.* at 516-18. Relying on the rule that a defendant official may be named "in a suit to enjoin the enforcement of an act alleged to be unconstitutional" so long as the officer has "some connection with the enforcement of the act," the court denied the motion to dismiss. *Id.* at 516 (quoting *Ex Parte Young*, 209 U.S. 123, 157 (1908)). Because the defendant officials "had a connection to the enforcement of the offending policy," they were appropriate defendants, the court determined. *Id.* at 518.

Likewise, the plaintiffs in *Chester* sued officials with the Pennsylvania Department of Corrections seeking an injunction against an allegedly unconstitutional death penalty protocol. 657 F. Supp. 2d at 536. While one of the defendants, the superintendent of the prison at which the plaintiffs were held, asserted he was not properly named, the *Chester* court held otherwise because the prison superintendent would be responsible for overseeing the plaintiff's executions using the protocol the plaintiffs sought to enjoin. *Id.*

Defendants Parmenter, Ackles, and Higgenbotham have at least as close a connection to the challenged policy in this case as the defendant officials did in *Pugh* and *Chester*. They have identified no reason that their presence in this case would engender confusion or be duplicative. Their motion to dismiss should be denied.

Finally, dismissal of Defendants Parmenter, Ackles, and Higgenbotham at this point would be premature. The nature of these officials' involvement in the implementation and enforcement of the Postcard-Only Mail Policy will be explored in discovery in this matter. If it develops through discovery that any Defendant is not a necessary party to this lawsuit, Plaintiffs would at that point have no objection to the dismissal of any such Defendant. Until Plaintiffs have had the opportunity to conduct the necessary discovery to make such a determination, however, they should be allowed to proceed against each of the officials who appear to be involved in the implementation of the policy they challenge as unconstitutional.

## III. Conclusion

For these reasons, the Court should deny the motion to dismiss filed by Defendants Parmenter, Ackles, and Higgenbotham.

Respectfully submitted,

/s/ Katherine Earle Yanes
James E. Felman, FB#775568
jfelman@kmf-law.com
Katherine Earle Yanes, FB#159727
kyanes@kmf-law.com
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, Florida 33601-3396
Telephone: (813) 229-1118
Facsimile: (813) 221-6750

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 23, 2010, I electronically filed the foregoing with the Clerk of the Court which will send a notice of electronic filing to:

Jason L. Scarberry, Esquire
Richard Giuffreda, Esquire
Purdy, Jolly, Giuffreda & Barranco, P.A.
2455 E. Sunrise Blvd., Suite 1216
Ft. Lauderdale, FL 33304
jason@purdylaw.com
richard@purdylaw.com

/s/ Katherine Earle Yanes
Katherine Earle Yanes