UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL LINDSEY GAMBUZZA,
CHRISTOPHER SCOTT DRESCHER,
BARBARA SCHNURR and
DEBORAH SORENSEN, on behalf of themselves
and all others similarly situated,

      Plaintiffs,

v.                         Case No. 8:09-cv-1891-T-17TBM

LIEUTENANT DIANE PARMENTER,
CAPTAIN ANTHONY ACKLES,
MAJOR JAMES HIGGINBOTHAM and
SHERIFF BRAD STEUBE,
in their official capacities,

      Defendants.

_____

**O R D E R**

This cause is before the Court *sua sponte.*

Background

The present case is a 42 U.S.C. § 1983 prisoner civil rights case.  However, the

main issue in the present case first came before the Court on June 29, 2009 in Case No.

8:09-cv-1229-T-17TBM in which Michael L. Gambuzza and Christopher Drescher alleged, for themselves, and for all others similarly situated, that the new mail policy at Manatee County Jail (MCJ) which allowed inmates to receive only post-cards from family and friends was unconstitutional.[1]  (See Case No. 8:09-cv-1229-T-17TBM, Exhibit 1, page 8). In Case No. 8:09-cv-1229, Plaintiffs also alleged that personnel at MCJ were opening privileged or legal mail; that jail personnel were allowing trainees to search legal bins and legal mail without the owner being present; and were allowing trainees to conduct training exercises on inmates, including cavity searches. Plaintiffs alleged other violations of their constitutional rights in Case No. 8:09-cv-1229.

However, after screening the complaint, on July 8, 2009, the case was dismissed, without prejudice to the Plaintiffs' filing an amended complaint on or before July 31, 2009. The dismissal was based on Plaintiffs' raising claims on several different unrelated issues or incidents in the same complaint. Plaintiffs filed their amended complaint on July 24, 2009, raising only the post-card mail issue.

The Court dismissed the amended complaint, without prejudice, stating that Plaintiffs were purporting to bring a class action for themselves and all others similarly situated.  The Court cited *Wallace v. Smith*, 145 Fed. Appx. 300 (11th Cir. 2005)(quoting *Oxendine v. Williams* 509 F.2d 1405, 1407 (4th Cir. 1975) and *Massimo v. Henderson,* 468 F.2d 1209, 1210 (5th Cir. 1972)) in support of the dismissal.

On August 21, 2009, in Case No. 8:09-cv-1717-T-17MAP, Plaintiff Michael Lindsey Gambuzza filed a pro se 42 U.S.C. § 1983 complaint alleging that Defendants were

---

[1] Plaintiffs sought to proceed in forma pauperis in this case.

violating his constitutional rights by allowing trainees to perform training exercises on Gambuzza and on other prisoners. The Court granted Plaintiff's motion to proceed in forma pauperis to the extent that he was not required to prepay the entire $350.00 filing fee. On October 26, 2009, the Court appointed pro bono counsel to represent Gambuzza in this action. On February 17, 2010, counsel filed a motion to voluntarily dismiss the complaint, which the Court granted on February 19, 2010.

On September 4, 2009, in the present case, Case No. 8:09-cv-1891-T-17TBM, Plaintiffs Michael Lindsey Gambuzza and Christopher Scott Drescher filed a pro se 42 U.S.C. § 1983 complaint alleging violation of their constitutional rights when Defendants opened legal mail and implemented the new mail policy allowing only post-card mail to be received.  They also claimed that the Defendants censored the newspaper so that inmates at MCJ were not allowed to read all of the newspaper.

On October 26, 2009, the Court appointed pro bono counsel to represent Plaintiffs. On February 18, 2010, counsel filed an amended 42 U.S.C. § 1983 complaint on behalf of Michael Lindsey Gambuzza, Christopher Scott Drescher, Barbara Schnurr and Deborah Sorensen, and all others similarly situated, claiming that the new mail policy of allowing inmates only to receive post-cards as incoming mail violated the First and Fourteenth Amendment rights of the "Inmate Class" and the "Family Members and Friends Class" (represented by Barbara Schnurr and Deborah Sorensen).  The Complaint seeks to enjoin the Defendants from enforcing the "post-card only" mail policy.

No fees have been paid in this case.  The Court, after reviewing the three cases described above, concludes that the Defendants are proceeding in forma pauperis.

**Discussion**

"The Supreme Court in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989) recognized that a district court could *sua sponte* dismiss a case filed in forma pauperis (pursuant 28 U.S.C. § 1915(d)) if it was satisfied that the action was frivolous or malicious.[2]  *Neitzke* recognized two types of cases which may be dismissed, *sua sponte*. In the first class are 'claim(s) based on an indisputably meritless legal theory,' and in the second class are 'those claims whose factual contentions are clearly baseless.' *Id.* Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit.'" Quoting *Riches v. Onstar Corp.,* 2008 WL 216407 at *2 (N.D. Fla., Jan. 23, 2008).

" 'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' " *Sandin v. Conner*, 515 U.S. 472, 485, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), (citing *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977) and quoting *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948)); *see also Shaw v. Murphy*, 532 U.S. 223, 229, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001) ("the constitutional rights that prisoners possess are more limited in score than the constitutional rights held by individuals in society at large.")

However, "prison walls do not form a barrier separating prison inmates from the protections of the Constitution," *Turner v. Safley*, 482 U.S. 78, 84, 107 S.Ct. 2254, 96

---

[2] 28 U.S.C. § 1915(d) was redesignated § 1915(e) by the Prison Litigation Reform Act.

L.Ed.2d 64 (1987), "nor do they bar free citizens from exercising their own constitutional rights by reaching out to those on the 'inside.' " *Thornburgh v. Abbott*, 490 U.S. 401, 407, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). Nevertheless, these rights must be weighed with "due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Id.* at 407, 109 S.Ct. 1874 (quoting *Turner*, 482 U.S. at 85, 107 S.Ct. 2254). Prison officials must weigh the need for internal order and security against the rights of prisoners and those on the outside who seek to communicate with such prisoners. *Id.*

Generally, prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir.1995) (per curium). However there must be a "delicate balance" between prisoners' First Amendment rights and the discretion given to prison administrators to govern the order and security of the prison. *Thornburgh*, 490 U.S. at 407-08, 109 S.Ct. 1874. Prison officials have more leeway to regulate incoming than outgoing mail because of the greater security risks inherent in materials coming into a prison. *Id.* at 413, 109 S.Ct. 1874. *Turner* is applicable to regulations and policies regarding all incoming mail; therefore, regulations and policies involving incoming mail are "valid if [they] are reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89, 107 S.Ct. 2254.

A review of the case law on the issue of post-card only inmate mail, including a case in the United States District Court for the Middle District of Florida, Tampa Division, convinces the Court that the present Complaint lacks an arguable basis in law because the Courts have found that the post-card only mail policy is "reasonably related to legitimate penological interests." *Thornburgh v. Abbot*, 490 U.S. 401, 413 (1989)(citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). *See* United States Middle District of Florida Case *Ditullio*

*v. White*, Case No. 8:10-cv-294 T-26AEP (Jan. 28. 2010)*; Covell v. Arpaio,* 662 F. Supp

2d 1146 (D. Ariz, 2009); *Gieck v. Arpaio*, 2008 WL 2604919 at *5 (D. Ariz., June 23, 2008);

*Gibbons v. Arpaio,* 2008 WL 4447003 at *6 (D. Ariz., Oct. 2, 2008).

Accordingly, the Court orders:

That this case is dismissed.  The Clerk is directed to close the case.

ORDERED at Tampa, Florida, on May 28, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record