## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHAEL LINDSEY GAMBUZZA,
CHRISTOPHER SCOTT DRESCHER,
BARBARA SCHNURR, and
DEBORAH SORENSEN,
on behalf of themselves and all
others similarly situated,

      Plaintiffs,                                       Case No. 8:09-cv-01891-EAK-TBM

v.

LIEUTENANT DIANE PARMENTER,
CAPTAIN ANTHONY ACKLES,
MAJOR JAMES HIGGINBOTHAM,
and SHERIFF BRAD STEUBE,
in their official capacities,

      Defendants.
_____/

### PLAINTIFFS' MOTION FOR RECONSIDERATION AND RECUSAL

      Plaintiffs, by their undersigned counsel, pursuant to Rule 59 (e), Fed.R.Civ.P., move this Court for reconsideration of its *sua sponte* Order of Dismissal dated May 28, 2010 (DE 28) for failure to first rule on the pending Motion to Recuse (DE 25) as required by 28 U.S.C. § 144, to vacate the Order of Dismissal dated May 28, 2010, to recuse because substantive judicial action was taken before the pending motion was ruled upon, and to direct the Clerk of the Court to transfer this matter to another Judge. The grounds are as follows:

      1.     This Court's order of dismissal was entered while there was a pending motion for recusal filed by the Defendants, based on alleged bias.

      2.     The Defendants' motion (DE 25) was facially sufficient to require recusal if it was timely made. The court did not find it untimely.

{07025397;1}

3. Under 28 U.S.C. § 144, the Court was precluded from making any substantive ruling while there was a pending motion for recusal and recusal was mandatory if the motion was facially sufficient and timely.

4. Having proceeded to rule on the merits of the case despite the pendency of the motion for recusal, the Court cannot now un-ring that bell and must therefore recuse itself from this case.

5. Even apart from the Court's lack of power to enter its dismissal order before ruling on the recusal motion, that order is wrong as a matter of law.

6. The Court dismissed this case *sua sponte* without receiving any explanation from Defendants as to why their "postcard only" rule carries out a "legitimate penological interest," as required by the standard in *Turner v. Safely*, 482 U.S. 78 (1987). More importantly, the Court ruled on this question of fact without allowing Plaintiffs the opportunity to present evidence that this rule does not do so, especially when it is evaluated in the context of <u>other</u> rules limiting prisoners' communications with the outside world, rather than as a single rule in a vacuum, as the Court did.

7. For example, the Florida Model Jail Standards, recently adopted (January 1, 2010) pursuant to Fla.Stat. § 951.061 for county and municipal detention facilities specifically provide that "[g]eneral correspondence such as between the inmate, the family and other persons should be encouraged." The rule promulgated by Defendants is directly contrary to that standard. It sharply limits correspondence, and wholly precludes communications such as family photographs, a child's drawing, or a child's report card. As such, the rule runs directly counter to the prophylactic rehabilitation purpose of detention.

8. Plaintiffs represent that they have retained a correctional expert who will testify on the factors required to be considered in determining whether this rule is constitutional and properly limits Plaintiffs' First Amendment rights, including the existence of less severe alternatives that accommodate their rights at a *de minimus* cost to any valid penological interests.

9. Without giving Plaintiffs any opportunity to prove that the rule is unconstitutional, at least <u>as applied</u> here, this Court relied on an order of Judge Lazarra dismissing a *pro se* complaint. Thus, a decision in a case brought by a prisoner proceeding without the benefit of legal counsel now serves as the basis for dismissing this case at its outset and precluding <u>these Plaintiffs</u> from coming forward with <u>evidence</u> to support their claims. They have been wrongfully deprived of the opportunity to prove their case.

10. **<u>Certificate of Counsel</u>**. Pursuant to Local Rule 3.01(g), M.D. Fla., Plaintiffs' counsel has conferred with opposing counsel in an attempt to resolve this matter, and have been unable to do so.

WHEREFORE Plaintiffs request that this Court reconsider its *sua sponte* dismissal order (DE 28), vacate its order that was entered while a motion to recuse as pending, enter an order of recusal from any further proceedings, and direct the Clerk to transfer this matter to another judge.

<u>s/Randall C. Berg, Jr.</u>
Randall C. Berg, Jr.
Florida Bar No. 318371
Joshua A. Glickman
Florida Bar No. 43994
Shawn A. Heller
Florida Bar No. 46346

Florida Justice Institute, Inc.
3750 Miami Tower
100 SE Second Street

        Miami, FL 33131-2309
Telephone:    (888) 358-2081 toll free x 225
Facsimile:    (305) 358-0910
Email: rberg@floridajusticeinstitute.org

Sylvia H. Walbolt
Florida Bar No.33604

Carlton Fields, P.A.
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, FL 33607
Telephone:    (813) 223-7000
Facsimile:    (813) 229-4133
Email: swalbolt@carltonfields.com

Attorneys for the Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 23, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        *s/Randall C. Berg, Jr.*
        Randall C. Berg, Jr.

**SERVICE LIST**
Case No. 8:09-cv-01891
Middle District of Florida, Tampa Division

**by CM/ECF:**

**Counsel for the Defendants**

Jason L. Scarberry, Esq.
Richard Giuffreda, Esq.
Purdy, Jolly, Giuffreda & Barranco, P.A.
2455 E. Sunrise Blvd., Suite 1216
Ft. Lauderdale, FL 33304
jason@purdylaw.com
richard@purdylaw.com