UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:09-cv-01891-EAK-TBM

MICHAEL LINDSEY GAMBUZZA, et. al.,

    Plaintiffs,

v.

LIEUTENANT DIANE PARMENTER, et. al.,

    Defendants.

_____/

**DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO RECONSIDER**

    Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. See Carter v. Premier Restaurant Management, 2006WL2620302 (M.D. Fla. 2006)(citing American Ass'n of People with Disabilities v. Hood, 278 F.Supp. 1337, 1339 (M.D. Fla. 2003). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." See Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). Plaintiffs fail to cite to the legal standard a court should consider when deciding a motion for reconsideration and offer no argument supporting one of the above-stated grounds for reconsideration. The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. See Carter at *1(citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F.Supp.

1072, 1072 - 1073 (M.D. Fla. 1993)).  "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration."  See Mannings v. School Bd. of Hillsborough County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993).  The Plaintiffs fail to meet this extraordinary burden and their motion should be denied.  "Unless the movant's arguments fall into the limited categories outlines above, a motion to reconsider must be denied."  See Carter at *1.

Notwithstanding the deficiencies in the Plaintiffs' Motion, the defendants will now address the argument proffered by the Plaintiffs.

Although the Plaintiffs fail to recite the standard to be considered in a motion for reconsideration or identify the specific grounds under which they are seeking reconsideration, based on the Plaintiffs' arguments, it appears the Plaintiffs contend the court's *sua sponte* dismissal of the Plaintiffs' claims, while Defendants' Motion for Disqualification was pending before the Court, represented a clear error.  The "clear error", to which the Plaintiffs appear to refer, is the Court's failure to refer the Motion for Disqualification to another judge.  28USC §144 reads, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

See 28 U.S.C. §144 (2010).

§144 prohibits a judge facing a "timely and sufficient affidavit" from proceeding any further and requires the motion for disqualification to be referred to another judge for consideration.

On May 12, 2010, the Defendants filed their Motion for Disqualification, which was supported by the affidavit of Michele Hall, Esquire. [D.E. #25]. As stated in the motion's Local Rule 3.01(g) statement, the Plaintiffs opposed the relief sought by the Defendants and filed a Memorandum in Response to Defendants' Motion for Disqualification to that motion on May 17, 2010. [D.E. #26]. In the Plaintiffs' memorandum in opposition, the Plaintiffs argued that the defendants' motion was untimely because the facts in support of the Defendants' motion were known to them 8 - 9 months prior to the motion being filed. [D.E. #26].

Although the Court has taken no action regarding the Defendants' Motion for Disqualification, the Plaintiffs concede the Motion for Disqualification was factually sufficient[1], if it was timely made.[2][D.E. #31]. The Plaintiffs further assume, "[t]he court did not find it untimely." This assumption by the Plaintiffs is without basis. As stated, the Court never ruled as to the sufficiency or timeliness of the affidavit. If one was forced to make an inference, then, based on the failure of the Court to refer the motion to another judge, Judge Kovachevich determined the affidavit was either factually insufficient or untimely.[3] If the affidavit in support of the motion was either factually insufficient or untimely, then the Court was not required to refer the matter to another judge and was absolutely permitted to enter

---

[1]However, in their memorandum in opposition, the Plaintiffs stated that they did not believe that the Court's staffed engaged in improper behavior of any type. [D.E. #26].

[2]28 USC §144 does not reference the sufficiency of the motion; but rather, the sufficiency of an affidavit. See 28 U.S.C. §144 (2010).

[3]Defendants offer this contention *in arguenndo* only to illustrate the absence of logic in the Plaintiffs' argument

its order of dismissal.[4] The Court did not commit a "clear error" when it dismissed the Plaintiffs' complaint.

Further, in her order Judge Kovachevich relies on an order of dismissal entered by Judge Lazarra in the Middle District dismissing a prisoner's claim that the Post-Car Only Policy at the Pasco County Jail violated his first amendment specifically finding as a matter of law that a post-card only policy is reasonably related to legitimate penological interests. Judge Lazarra's order in <u>Ditullio v. White, case no.: 8:10-cv-294</u> holds precedential value and Judge Kovachevich was entitled to rely on that order in dismissing the Plaintiffs' claims.

## **CONCLUSION**

The Plaintiffs' Motion for Reconsideration should be denied.

---

[4]The Plaintiffs are attempting to use the Defendants' motion for disqualification, which was intended to bring the Court's attention to a potential prejudice against the defendants, to force the court to reconsider a decision in favor of the party who was concerned about potential prejudice.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing to: **Katherine Earle Yanes, Esquire**, KYNES, MARKMAN & FELMAN, P.A., Post Office Box 3396, Tampa, Florida 33601-3396, **Randall C. Berg, Esquire**, 3750 Miami Tower, 100 SE 2nd Street, Miami, FL 33131-2309 and **Sylvia H. Walbolt, Esquire**, CARLTON FIELDS, P.A., 4221 W. Boy Scout Blvd., Suite 1000, Tampa, FL 33607, this **1st** day of July, 2010.

          PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
          *Attorneys for Defendant*
          2455 East Sunrise Boulevard, Suite 1216
          Fort Lauderdale, Florida 33304
          Telephone  (954) 462-3200
          Telecopier  (954) 462-3861
          E-Mail:     jason@purdylaw.com

By:  *s/ Jason L. Scarberry*
       JASON L. SCARBERRY
       Florida Bar No.: 0693375